## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MARCOS F. SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00436 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Marcos F. Santiago, Pro Se Plaintiff; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

In this civil case, the plaintiff, a federal prison inmate, sues the United States under the Federal Tort Claims Act because he contracted COVID-19 while incarcerated. The United States has moved to dismiss for lack of jurisdiction. Because the discretionary function exception to government liability bars the plaintiff's claim, this court lacks subject-matter jurisdiction, and I will grant the defendant's motion.

I.

Plaintiff Marcos F. Santiago is an inmate at United States Penitentiary, Lee County, Virginia ("USP Lee"), a Federal Bureau of Prisons ("BOP") facility. He alleges that BOP officials were negligent in failing to protect him against COVID-19, causing him to contract COVID-19 in December 2020 and to suffer various

symptoms.[1]  He asserts that USP Lee officials did not follow guidance from the Centers for Disease Control and Prevention ("CDC") or comply with executive orders issued by the Governor of Virginia or the President of the United States regarding pandemic restrictions.  Specifically, he contends that USP Lee officials failed to ensure social distancing and mask-wearing and did not provide sufficient cleaning supplies.  Santiago further alleges that USP Lee personnel failed to provide him adequate medical treatment after he tested positive for COVID-19.

The United States has moved to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction because the discretionary function exception to the Federal Tort Claims Act ("FTCA") applies here, and the United States therefore has not waived its sovereign immunity as to the type of claim Santiago asserts.  The motion is fully briefed[2] and ripe for decision.[3]

---

[1]  In briefs filed with the court, Santiago suggests that BOP personnel were not just negligent, but acted with deliberate indifference or perhaps even intentionally sought to infect him.  Because these allegations are not contained in his Complaint, I do not consider them.  The magistrate judge previously denied Santiago's motions to amend his complaint. ECF No. 34.

[2] After the government filed its reply brief, the plaintiff filed another response brief without leave of court.  ECF No. 33.  The government then responded to that brief, ECF No. 35, and the plaintiff filed yet another brief, ECF No. 37.  Although these additional filings did not comply with the rules of court, I have nevertheless reviewed them.

[3] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

II.

Federal courts have limited jurisdiction and are empowered to act only in the specific instances authorized by Congress. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The court must determine questions of subject-matter jurisdiction before it can address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F. 3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a motion to dismiss for lack of subject-matter jurisdiction "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Federal courts do not have jurisdiction over actions against the United States unless Congress has expressly waived the United States' sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). A waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA waives the United States' sovereign immunity and makes the

government liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, this waiver does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The plaintiff bears the burden of proving that the discretionary function exception does not apply to the function or duty at issue. *Indem. Ins. Co. of N. Am. v. United States*, 569 F.3d 175, 180 (4th Cir. 2009). If the exception does apply, a court must dismiss the claim for lack of subject-matter jurisdiction. *Id.*

To determine if the discretionary function exception applies, the court must perform a two-step analysis. *Clendening v. United States*, 19 F.4th 421, 432 (4th Cir. 2021). First, the court must decide whether the challenged conduct "involves an element of judgment or choice." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (citation omitted). Conduct does not involve an element of judgment or choice if a federal statute, regulation, or policy specifically prescribes it. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Second, the court must determine whether the conduct is "based on considerations of public policy." *Suter*, 441 F.3d at 311 (quoting *Berkovitz*, 486 U.S at 537). To make this determination, the court is to "look to the nature of the challenged decision in an objective, or general sense,

-4-

and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." *Baum v. United States*, 986 F.2d 716, 721 (4th Cir. 1993). "[W]hen a statute, regulation, or agency guideline permits a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Suter*, 441 F.3d at 311 (internal quotation marks and citation omitted). The plaintiff bears the burden of proving that the government's conduct is not grounded in considerations of public policy. *Indem. Ins. Co. of N. Am.*, 569 F.3d at 181.

First, I find that the BOP's handling of COVID-19 and the protective measures it put into place involved an element of judgment or choice. Santiago has pointed to no federal statute, regulation, or policy that was binding on BOP or USP Lee officials. Executive orders issued by the Governor of Virginia did not apply to the federal government. *See Medina v. United States*, 259 F.3d 220, 225-26 (4th Cir. 2001). CDC guidance was just that — guidance. And Santiago has not identified any particular executive order of the President that he contends USP Lee violated. He references the President's Coronavirus Guidelines for America, but these were also simply guidelines and were not binding on anyone. He references 18 U.S.C. § 4042(a)(2), which requires the BOP to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," but that statutory command grants significant discretion to BOP as to how

to satisfy the directive. *Rich v. United States*, 811 F.3d 140, 145 (4th Cir. 2015) ("Under the statute's broad directives, the BOP retains discretion regarding the implementation of those mandates."). Santiago similarly fails to point to any statute, regulation, or policy that would have required USP Lee officials to give him pain medication or other specific forms of medical treatment.

Second, the development and implementation of safety protocols in federal prisons is unquestionably based on considerations of public policy. Federal prisons have limited space and resources, so social distancing is not always possible. As the government notes, items such as hand sanitizer can pose their own safety concerns, as they can be used by inmates as weapons or drugs. The BOP must balance its duty to protect inmates from COVID-19 with its duty to protect inmates from each other, to safeguard staff, and to protect the public. "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (citation omitted).

Santiago has not met his burden of proving that the discretionary function exception to FTCA liability is inapplicable here. I thus conclude that the United States has not waived its sovereign immunity as to Santiago's claim, and the court lacks subject-matter jurisdiction to resolve this case.

-6-

III.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, ECF No. 13, is GRANTED.   A separate Order dismissing the plaintiff's action without prejudice will be entered herewith.[4]

ENTER:  March 14, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[4]  The plaintiff also filed two motions, ECF Nos. 40 and 43, seeking orders directing the Warden to end the practice of locking down entire units under the false pretense of the Special Housing Unit being full.  These motions are not germane to this action and the Clerk shall terminate them as moot.